IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHNATHAN RODRIGUEZ** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**TRANS UNION, LLC,** )<br>**EXPERIAN INFORMATION** )<br>**SOLUTIONS, INC.,** )<br>**EQUIFAX INFORMATION** )<br>**SERVICES LLC,** )<br>**and** )<br>**ENHANCED RECOVERY** )<br>**COMPANY, LLC** )<br>)<br>**Defendants.** )<br>_____) | **Civil Action No.** |

## COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq.*, *as amended,* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA").

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

4. Plaintiff Johnathan Rodriguez is an adult individual who resides in the State of Alabama.

5. Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6. Defendant Experian Information Solutions, Inc. (hereafter "EX") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

7. Defendant Equifax Information Services LLC (hereafter "EQ") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

8. Defendant Enhanced Recovery Company, LLC (hereafter "ERC") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

### IV. Factual Allegations

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least October 2015 through the present.

10. The inaccurate information includes, but is not limited to, accounts with Conn Credit Corp, Compucredit Corp/Aspire, Fed Loan Servicing Credit, Nationwide Acceptance, Acceptance Now, Enhanced Recovery Corp, Source Receivables Management, and personal identifying information.

11. The ERC collection account arose out of transactions which were primarily for personal, family or household purposes.

12. At all times pertinent hereto, Plaintiff was not responsible for the debt reported by ERC.

13. Notwithstanding the above, ERC has been falsely furnishing and/or reporting the information about the debt in connection with Plaintiff's credit history to credit reporting agencies including but not limited to TU, EX, and EQ when it knew or should have known that the debt did not belong to Plaintiff.

14. Alternatively, due to Defendants TU, EX, and EQ's faulty procedures, Defendants TU, EX, and EQ mixed the credit file of Plaintiff and that of another consumer with respect to the debt.

15. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16. TU, EX, and EQ have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least October 2015 through the present.

17. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

18.     Plaintiff's credit reports and file have been obtained from TU, EX, and EQ and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from TU, EX, and EQ by such third parties from at least October 2015 through the present.

19.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

20.     Defendants knew of should have known that their actions violated the FCRA and/or FDCPA. Additionally, Defendants could have taken the steps necessary to bring their agents' actions within compliance of the statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

21.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22.     At all times pertinent hereto, the conduct of the Defendants as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.     Claims

### COUNT ONE – Violations of the FCRA
### Plaintiff v. TU, EX, and EQ

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     At all times pertinent hereto, TU, EX, and EQ were "persons" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TU, EX, and EQ are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

28.     The conduct of TU, EX, and EQ was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – Violations of the FDCPA
### (Plaintiff v. ERC)

29.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.     ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

31.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

32.     The above reporting of the inaccurate information to credit reporting agencies by ERC are "communications" relating to "debts" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

33. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

34. ERC violated the FDCPA. ERC's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

    a. The false representation of the amount, character or legal status of a debt;

    b. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

    c. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

35. ERC's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

36. As a result of the above violations of the FDCPA, ERC is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI. JURY TRIAL DEMAND

37. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d)  Costs and reasonable attorney's fees;

and

(e)  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:  __/s/ *Mark D. Mailman*_____
 MARK D. MAILMAN, ESQUIRE
 JOHN SOUMILAS, ESQUIRE
 GEOFFREY H. BASKERVILLE, ESQUIRE
 Land Title Building, 19th Floor
 100 South Broad Street
 Philadelphia, PA 19110
 (215) 735-8600
 Attorneys for Plaintiff

Dated: April 21, 2016